**UNITED STATES of America,**
**Appellee,**

v.

**James WILSON, Defendant-Appellant.***

* The Clerk of Court is respectfully directed to amend the caption.

**15-3572-cr**

United States Court of Appeals, Second Circuit.

September 18, 2017

FOR APPELLANT: Edward S. Zas, Federal Defenders of New York, New York, NY.

FOR APPELLEES: John J. Durham (Susan Corkery on the brief), for Bridget M. Rohde, Acting United States Attorney for the Eastern District of New York, Brooklyn, NY.

PRESENT: DENNIS JACOBS, JOSÉ A. CABRANES, RAYMOND J. LOHIER, JR. Circuit Judges.

### SUMMARY ORDER

James Wilson appeals the order of the United States District Court for the Eastern District of New York (Feuerstein, J.) denying his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

During the course of this appeal, Wilson completed his term of incarceration and was released from prison.[1] Once a prisoner

1. According to the Federal Bureau of Prisons Inmate Locator, Wilson was released on May 10, 2017.

is released, a challenge to the sentence is generally rendered moot. See United States v. Williams, 475 F.3d 468, 479 (2d Cir. 2007). In particular, an appeal from an order denying a sentence reduction is generally mooted by a prisoner's release. See United States v. Key, 602 F.3d 492, 494-95 (2d Cir. 2010).

There are circumstances in which a prisoner's release does not moot an appeal of a sentence, notably when there is a non-trivial possibility that "the district court could or would impose a reduced term of supervised release were we to remand for resentencing." Id. at 494 (alterations omitted) (quoting Williams, 475 F.3d at 479). But Wilson challenges only the district court's refusal to reduce his term of imprisonment. Because Wilson has completed his term of imprisonment and has been released, this appeal is moot.[2]

For the foregoing reasons, and finding no merit in Wilson's other arguments, we hereby **DISMISS**.

2. Even if Wilson had raised a question as to the term of his supervised release, we would still find his claim moot, as the chance of the district court reducing his term of supervised release would be too speculative. See Key, 602 F.3d at 495.